EXHIBIT A to
NOTICE OF REMOVAL

**| Respond to Selected Documents |** **Sort by date:** Descending Ascending **Display options:** All Entries

**11/04/2026**

**Notice of Service**

26-SMCC-12753; Electronic Filing Certificate of Service.

**Corporation Served**

Document ID - 26-SMCC-12753; Served To - PETSMART, LLC; Served Date - 10/29/2026; Served Time - 09:52:10; Service Type - SD; Reason Description - SERV; Service Text -

**10/16/2026**

**Alias Summons Issued**

Document ID: 26-SMCC-12753, for PETSMART, LLC Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**10/06/2026**

**Motion Granted/Sustained**

Order Granting Request for Summons SO ORDERED: JUDGE BRIAN MAY

**09/04/2026**

**Note to Clerk eFiling**

**Filed By:** THOMAS FRANKLIN HERRING

**Request Filed**

Request for Summons; Electronic Filing Certificate of Service.

**Filed By:** THOMAS FRANKLIN HERRING

**On Behalf Of:** PETSMART, LLC

**09/03/2026**

**Note to Clerk eFiling**

**Filed By:** THOMAS FRANKLIN HERRING

**Amended Motion/Petition Filed**

First Amended Petition; EEOC Right to Sue Notice; MCHR Right to Sue Notice; Electronic Filing Certificate of Service.

**Filed By:** THOMAS FRANKLIN HERRING

**On Behalf Of:** KARALYN LEONARD

**08/28/2026**

**Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.

**Filed By:** BRADY ROOT

**On Behalf Of:** KARALYN LEONARD

**08/27/2026**

**Summons Issued-Circuit**

Document ID: 26-SMCC-11153, for PETSMART, LLC Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Judge Assigned**

DIV 1

**Filing Info Sheet eFiling**

**Filed By:** THOMAS FRANKLIN HERRING

**Pet Filed in Circuit Ct**

Petition; EEOC Right to Sue Notice; MCHR Right to Sue Notice.

**Filed By:** THOMAS FRANKLIN HERRING

**On Behalf Of:** KARALYN LEONARD

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **KARALYN LEONARD,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No.:** |
| **PETSMART, LLC,** | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |
| **Serve:**<br>**CSC-Lawyers Incorporating**<br>**Service Company, Registered Agent**<br>**221 Bolivar St.**<br>**Jefferson County, Missouri 65101** | ) | |

**PETITION**

COMES NOW, Plaintiff Karalyn Leonard ("Leonard" or "Plaintiff"), by and through her attorneys of record, and brings this cause of action against Defendant Petsmart, LLC. ("Petsmart" or "Defendant").

**PARTIES, JURISDICTION AND VENUE**

1. Defendant is a foreign corporation doing business in the state of Missouri with its principal business office address at 3411 Silverside Road, Tatnall Building Unit 104, Wilmington, Delaware 19810.

2. Plaintiff is a resident of St. Louis County, Missouri.

3. Plaintiff worked at Defendant's St. Louis location at 131 Highlands Blvd., Manchester, Missouri 63011.

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

4. Plaintiff was employed by Defendant from on or about December 8, 2019 to on or about September 11, 2025.

5. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to Article 5, Section 14 of the Missouri Constitution and RSMo. § 478.070.

6. The unlawful employment practices complained of herein were committed within St. Louis County, Missouri. Jurisdiction and venue in this Court are, therefore, proper pursuant to RSMo. § 231.111.

7. Defendant has more than six (6) employees and is therefore an employer within the meaning of the Missouri Human Rights Act, RSMo.§ 213.010(7).

8. Defendant has more than fifteen (15) employees and is therefore an employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(b), the Americans with Disabilities Act, and the Pregnant Workers Fairness Act.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

9. On or about December 19, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") alleging unlawful discrimination.

10. Plaintiff's Charge of Discrimination provided the EEOC and the MCHR sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial petition may be and is as broad as the scope of the investigation that could reasonably be expected to have grown out of the Charge.

11. Plaintiff received a Notice of Dismissal and Right to Sue from the MCHR on or about August 18, 2026, and this action was initiated within 90 days thereof. A true and accurate copy of the Right to Sue letter issued to Plaintiff by the MCHR is attached hereto as Exhibit 1.

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

12. Plaintiff received a Notice of Dismissal and Right to Sue from the EEOC on or about August 14, 2026, and this action was initiated within 90 days thereof. A true and accurate copy of the Right to Sue letter issued to Plaintiff by the EEOC is attached hereto as Exhibit 2.

13. Plaintiff timely complied with all administrative prerequisites prior to filing this lawsuit.

**FACTUAL ALLEGATIONS**

14. Leonard was hired by Defendant as a Shift Supervisor on or about December 8, 2019.

15. Leonard initially earned $13.50 per hour working full time.

16. Leonard was promoted to Assistant Manager of the Hotel in or about November 2022.

17. Leonard was the Manager for the Hotel at the time of her termination.

18. Leonard earned $30.77 per hour at the time of her termination.

19. Leonard's direct supervisors were Aaron Flynn (Store Manager) and Shannon Pritchard (Experience Leader overseeing the Hotel, Salon, and Training Departments).

20. Leonard became pregnant in or around January 2025.

21. Leonard began developing complications with her pregnancy. She was diagnosed with a subchronic hematoma (*i.e.,* bleeding between the uterine wall and the outer fetal membrane) in or about May 2025. She was later diagnosed with placenta previa. She was also diagnosed with having a chronic urinary tract infection that would not resolve with antibiotics.

22. Both the subchronic hematoma and the placenta previa caused Leonard to be at risk for placental abruption.

23. While Leonard was pregnant, her unborn child was diagnosed with having an

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

echogenic bowel.

24. As such, on or about May 22, 2025 Leonard requested accommodations for both her pregnancy and her medical conditions.

25. Leonard's doctor ordered the following requested accommodations:

a. No lifting more than 20 pounds;

b. Limit squatting and bending.

26. On or about June 18, 2025, Defendant stated that it had approved the requested accommodations.

27. Even though Defendant said it had approved Leonard's accommodations, Defendant failed to adhere to the accommodations, and no plan was in place to ensure Leonard was being accommodated with fidelity.

28. Shortly after Leonard's accommodations were ostensibly approved, her job duties changed. Defendant took away Leonard's job duty of scheduling employees and gave that job duty to Ms. Pritchard.

29. Ms. Pritchard then quickly changed Leonard's schedule to have her work the morning and night shifts at the front of the hotel.

30. The morning and night shifts at the front of the hotel are typically only worked by one employee and occur during the times in which customers typically bring their pets to the hotel to board them or pick them up.

31. As such, because Leonard was typically the only employee at the front of the hotel when working those shifts, she was forced to frequently lift animals that weighed more than 20 pounds, conflicting with her ostensible accommodations.

32. Ms. Pritchard also assigned Leonard to work the daycare area frequently by

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

herself.

33. By working the daycare area, animals often jumped on Leonard's stomach since she was often the only employee in the area. Leonard was forced to break up animal fights on her own, which required frequent bending, squatting, lifting, conflicting with her ostensible accommodations.

34. Following Defendant's purported approval of Leonard's requested accommodations, the restroom at Defendant's facility repeatedly became non-functional, resulting in sewage overflowing from the toilet.

35. Rather than call a plumber, Mr. Flynn ordered Leonard to work on the toilet on multiple occasions. This work required Leonard to bend and squat, conflicting with her ostensible accommodations.

36. Because Leonard was not receiving the approved accommodations, she requested an additional accommodation on or about September 7, 2025 to work the midday shift.

37. In her September 7, 2025 email to HR requesting to work the midday shift, Leonard informed HR that she was previously told that she was a "fucking idiot," that she was "stupid," and that her being pregnant is "not an excuse to suck" at her job.

38. The midday shift would allow Leonard to have coworkers by her side in which they could lift animals more than 20 pounds and bend and squat for her when necessary.

39. The additional requested accommodation was Leonard's attempt to ensure that Defendant would abide by the original approved accommodations.

40. The very next day, on or about September 8, 2025, Defendant suspended Leonard without pay for allegedly engaging in favoritism toward the father of her child, another employee of Defendant.

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

41. Leonard did not engage in favoritism. In fact, one of the only times that Leonard issued discipline was to that same employee, the father of her child.

42. About a week prior to her suspension, the father of Leonard's child put in his notice of resignation with Defendant.

43. On or about September 11, 2025, Respondent terminated Leonard's employment.

44. In her termination phone call with Mr. Flynn, Leonard asked if she would be paid the bonus she earned and her earned vacation, like other employees whose employment with Defendant ended.

45. Mr. Flynn informed Leonard that she would be paid her bonus and vacation.

46. At time of filing, Defendant has not paid Leonard any of her bonus and only a portion of her earned vacation.

47. Defendant has paid other similarly situated employees their full vacation and bonus amounts when their employment with Defendant has ended.

## COUNT I: FAILURE TO ACCOMMODATE KNOWN LIMITATIONS IN VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT

48. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

49. Defendant is a qualified employee under the Pregnant Workers Fairness Act.

50. Plaintiff was a qualified employee under the Pregnant Workers Fairness Act because she could perform the essential functions of her job.

51. To the extent that Plaintiff could not perform an essential function of the job, she was qualified under the Pregnant Workers Fairness Act because the inability to perform that function was for a temporary period, the essential function could be performed in the near future, and the inability to perform the essential function could be reasonably accommodated.

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

52. Plaintiff requested accommodations for her known limitations of pregnancy or related conditions, which Defendant denied.

53. Plaintiff informed Defendant's supervisory and human resources personnel about known limitations related to, affected by, or arising out of her pregnancy, including the need for pregnancy-related medical appointments, and limitations related to, affected by, or arising out of pregnancy-related medical conditions.

54. Defendant failed to provide Plaintiff with reasonable accommodations for her known limitations related to pregnancy, childbirth, or related medical conditions, as required under the Pregnant Workers Fairness Act.

55. Defendant failed to engage in an interactive process with Plaintiff to identify appropriate and reasonable accommodations that would allow her to perform the essential functions of her job.

56. Defendant subjected Plaintiff to discriminatory and unlawful treatment, including but not limited to denying reasonable accommodations, altering her work conditions and denying Plaintiff a job and employment opportunities.

57. Management-level employees knew or should have known of Plaintiff's need for accommodations due to her pregnancy or related medical conditions but failed to take appropriate action to comply with the Pregnant Workers Fairness Act

58. Defendant took adverse job actions against Plaintiff in violation of the Pregnant Workers Fairness Act, including ignoring her approved accommodations and, later, terminating her.

59. Defendant's actions and omissions resulted in an undue burden on Plaintiff, interfering with her ability to maintain employment and exacerbating her medical conditions

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

related to pregnancy.

60. Defendant's actions were taken by its agents acting in the course and scope of their employment.

61. By failing to take prompt and effective remedial action, Defendant condoned, ratified and/or authorized unlawful treatment of Plaintiff.

62. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

63. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

64. Plaintiff has incurred, and continues or may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

65. Plaintiff seeks pre- and post-judgment interest at the highest lawful rate.

66. Plaintiff seeks equitable relief to make her whole.

67. Defendant's actions were intentional and/or outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT II: RETALIATION IN VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT**

68. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

69. Plaintiff engaged in protected activity by seeking reasonable accommodations for her known limitations related to pregnancy, childbirth, or related medical conditions.

70. Defendant retaliated against Plaintiff for asserting her rights under the Pregnant Workers Fairness Act.

71. Defendant took adverse job actions against Plaintiff in violation of the Pregnant Workers Fairness Act.

72. Defendant's actions and omissions resulted in an undue burden on Plaintiff, interfering with her ability to maintain employment and exacerbating her medical conditions related to pregnancy.

73. Defendant's actions were taken by its agents acting in the course and scope of their employment.

74. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized retaliation of Plaintiff.

75. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

76. As a direct and proximate result of the unlawful conduct of Defendant as set forth

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

77. Plaintiff has incurred, and continues or may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

78. Plaintiff seeks pre- and post-judgment interest at the highest lawful rate.

79. Plaintiff seeks equitable relief to make her whole.

80. Defendant's actions were intentional and/or outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT III: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA**

81. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

82. Defendant is an employer under the ADA.

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

83. Plaintiff had a physical impairment which substantially limits one or more of her major life activities, including standing, walking, bending, and lifting.

84. At all relevant times, Defendant was aware that Plaintiff had impairments and had a record of impairments.

85. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

86. Plaintiff is a qualified individual as defined by the ADA.

87. Plaintiff has a disability as defined by the ADA.

88. Plaintiff has a record of a disability.

89. Defendant regarded Plaintiff as disabled.

90. Defendant discriminated against Plaintiff in violation of the ADA.

91. Defendant unlawfully and intentionally discriminated against Plaintiff based upon her disability and/or because of her record of disability and/or because it regarded Plaintiff as disabled.

92. Defendant interfered with, recklessly disregarded, and denied Plaintiff her legal rights when it disciplined and terminated Plaintiff from her employment.

93. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

94. Defendant's actions were taken by its agents acting in the course and scope of their employment.

95. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

96. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

97. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

98. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

99. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

100. Plaintiff seeks equitable relief to make her whole.

101. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## **COUNT IV: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA**

102. Plaintiff hereby re-alleges and incorporates by reference the allegations contained

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

in the above-stated paragraphs as if fully set forth herein.

103. Plaintiff was disabled, as defined by the ADA, at all relevant times herein.

104. At all relevant times, Defendant was aware that Plaintiff had impairments and had a record of having such impairments.

105. Plaintiff could perform the essential functions of her job duties for Defendant with or without reasonable accommodation.

106. Plaintiff is a qualified individual as defined by the ADA.

107. Defendant unlawfully and intentionally discriminated against Plaintiff based upon her disability.

108. Plaintiff put Defendant on notice of her disability, and her need for an accommodation.

109. Plaintiff attempted to engage with Defendant regarding her need for a reasonable accommodation, but Defendant did not provide said accommodation.

110. Defendant failed to accommodate Plaintiff's disability in violation of the ADA.

111. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

112. Defendant's actions were taken by its agents acting in the course and scope of their employment.

113. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

114. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

115. As a direct and proximate result of the unlawful conduct of Defendant as set forth

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

116. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

117. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

118. Plaintiff seeks equitable relief to make her whole.

119. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT V: RETALIATION IN VIOLATION OF THE ADA**

120. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

121. Plaintiff engaged in protected activity under the ADA when she sought reasonable

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

accommodations.

122. Defendant took adverse employment actions against Plaintiff in violation of the ADA, including discipline and termination.

123. Plaintiff seeking reasonable accommodation was a motivating factor for Defendant's adverse employment actions against her.

124. Defendant's actions and/or omissions constitute a pattern or practice of retaliatory behavior.

125. Defendant's actions were taken by its agents in the course and scope of their employment.

126. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the retaliation against Plaintiff.

127. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

128. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

129. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

130. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

131. Plaintiff seeks equitable relief to make her whole.

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

132. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT VI: DISCRIMINATION BASED ON SEX/PREGNANCY IN VIOLATION OF TITLE VII

133. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

134. Defendant is an "employer" under Title VII.

135. Plaintiff is a female.

136. At all relevant times, Plaintiff was pregnant and/or had recently been pregnant.

137. Defendant discriminated against Plaintiff in violation of Title VII because of her sex, pregnancy, childbirth, and/or related medical conditions.

138. Defendant treated Plaintiff differently, and more negatively, because of her sex, pregnancy, childbirth, and/or related medical conditions, in the terms, conditions, and privileges of her employment.

139. Defendant took adverse employment actions against Plaintiff in violation of Title VII.

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

140. Plaintiff was subjected to disparate treatment because of her sex, pregnancy, childbirth, and/or related medical conditions.

141. Plaintiff's sex, pregnancy, childbirth, and/or related medical conditions were a motivating factor for Defendant's discrimination.

142. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

143. Defendant's actions were taken by its agents acting in the course and scope of their employment.

144. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

145. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

146. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

147. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

148. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

149. Plaintiff seeks equitable relief to make her whole.

150. Defendant's actions were outrageous and malicious and were committed with evil

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT VII: DISABILITY DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

151. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

152. Defendant is an employer under the Missouri Human Rights Act.

153. Plaintiff had a physical impairment which substantially limits one or more of her major life activities, including standing, walking, bending, and lifting.

154. At all relevant times, Defendant was aware that Plaintiff had impairments and had a record of impairments.

155. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

156. Plaintiff is a qualified individual as defined by the Missouri Human Rights Act.

157. Plaintiff has a disability as defined by the Missouri Human Rights Act.

158. Plaintiff has a record of a disability.

159. Defendant regarded Plaintiff as disabled.

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

160. Defendant discriminated against Plaintiff in violation of the Missouri Human Rights Act.

161. Defendant unlawfully and intentionally discriminated against Plaintiff based upon her disability and/or because of her record of disability and/or because it regarded Plaintiff as disabled.

162. Defendant interfered with, recklessly disregarded, and denied Plaintiff her legal rights when it disciplined and terminated Plaintiff from her employment.

163. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

164. Defendant's actions were taken by its agents acting in the course and scope of their employment.

165. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

166. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

167. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

168. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

169. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

170. Plaintiff seeks equitable relief to make her whole.

171. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT VIII: FAILURE TO ACCOMMODATE IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT**

172. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

173. Plaintiff was disabled, as defined by the Missouri Human Rights Act, at all relevant times herein.

174. At all relevant times, Defendant was aware that Plaintiff had impairments and had a record of having such impairments.

175. Plaintiff could perform the essential functions of her job duties for Defendant with or without reasonable accommodation.

176. Plaintiff is a qualified individual as defined by the Missouri Human Rights Act.

177. Defendant unlawfully and intentionally discriminated against Plaintiff based upon her disability.

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

178. Plaintiff put Defendant on notice of her disability, and her need for an accommodation.

179. Plaintiff attempted to engage with Defendant regarding her need for a reasonable accommodation, but Defendant did not provide said accommodation.

180. Defendant failed to accommodate Plaintiff's disability in violation of the Missouri Human Rights Act.

181. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

182. Defendant's actions were taken by its agents acting in the course and scope of their employment.

183. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

184. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

185. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

186. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

187. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

188. Plaintiff seeks equitable relief to make her whole.

189. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT IX: RETALIATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

190. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

191. Plaintiff engaged in protected activity under the Missouri Human Rights Act when she sought reasonable accommodations.

192. Defendant took adverse employment actions against Plaintiff in violation of the Missouri Human Rights Act, including discipline and termination.

193. Plaintiff seeking reasonable accommodation was a motivating factor for Defendant's adverse employment actions against her.

194. Defendant's actions and/or omissions constitute a pattern or practice of retaliatory behavior.

195. Defendant's actions were taken by its agents in the course and scope of their employment.

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

196. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the retaliation against Plaintiff.

197. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

198. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

199. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

200. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

201. Plaintiff seeks equitable relief to make her whole.

202. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

## COUNT X: DISCRIMINATION BASED ON SEX/PREGNANCY IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

203. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

204. Defendant is an "employer" under the Missouri Human Rights Act.

205. Plaintiff is a female.

206. At all relevant times, Plaintiff was pregnant and/or had recently been pregnant.

207. Defendant discriminated against Plaintiff in violation of the Missouri Human Rights Act because of her sex, pregnancy, childbirth, and/or related medical conditions.

208. Defendant treated Plaintiff differently, and more negatively, because of her sex, pregnancy, childbirth, and/or related medical conditions, in the terms, conditions, and privileges of her employment.

209. Defendant took adverse employment actions against Plaintiff in violation of the Missouri Human Rights Act.

210. Plaintiff was subjected to disparate treatment because of her sex, pregnancy, childbirth, and/or related medical conditions.

211. Plaintiff's sex, pregnancy, childbirth, and/or related medical conditions were a motivating factor for Defendant's discrimination.

212. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

213. Defendant's actions were taken by its agents acting in the course and scope of their employment.

214. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

215. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

216. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

217. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

218. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

219. Plaintiff seeks equitable relief to make her whole.

220. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**Demand for Jury Trial**

Plaintiff requests for a trial by jury on all issues in this case which are so triable.

Electronically Filed - St Louis County - August 27, 2026 - 01:58 PM

Respectfully submitted,

/s/*Thomas F. Herring*
Thomas F. Herring, #71932MO
Brady L. Root, #75740MO
Herring & Root, LLC
2258 Grissom Dr.
St. Louis, Missouri 63146
tfh@herringandroot.com

*Attorneys for Plaintiff*

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>BRIAN H. MAY | **Case Number: 26SL-CC05919** | |
| Plaintiff/Petitioner:<br>KARALYN LEONARD<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>THOMAS FRANKLIN HERRING<br>555 WASHINGTON AVE<br>SUITE 520<br>ST. LOUIS, MO 63101 | |
| Defendant/Respondent:<br>PETSMART, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp for Return) |

**The State of Missouri to: PETSMART, LLC**
**Alias:**
**CSC-LAWYERS INC SERV CO**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

27-AUG-2026
Date

/S/ Adam Dockery
Clerk

**Further Information:**
AD

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

__________________________________ (name) ______________________ (title).

☐ other: ____________________________________________________________.

Served at ________________________________________________________ (address)

in ______________________ (County/City of St. Louis), MO, on ______________ (date)

at __________ (time).

______________________________ ______________________________

Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ ______________________

Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the “neutral,” who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator’s decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - August 28, 2026 - 09:34 AM

# Entry of Appearance

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

Karalyn Leonard,

Plaintiff,

vs.

Petsmart, Llc,

Defendant.

Case Number: 26SL-CC05919

Comes now undersigned counsel and enters his/her appearance as attorney of record for Karalyn Leonard, Plaintiff in the above-styled cause.

/s/ Brady Lee Root
Brady Lee Root
Mo Bar Number: 75740
Attorney for Plaintiff
2258 Grissom Dr.
St. Louis, MO 63146
Phone Number: (314) 329-5662
blr@herringandroot.com

## Certificate of Service

I hereby certify that on August 28th, 2026, a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

/s/ Brady Lee Root
Brady Lee Root

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **KARALYN LEONARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 26SL-CC05919** |
| | ) | |
| **PETSMART, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Serve:** | ) | |
| **Corporate Creations Network, Inc.** | ) | |
| **Registered Agent** | ) | |
| **12747 Olive Blvd.** | ) | |
| **Suite 300** | ) | |
| **St. Louis, Missouri 63141** | ) | |

## FIRST AMENDED PETITION

COMES NOW, Plaintiff Karalyn Leonard ("Leonard" or "Plaintiff"), by and through her attorneys of record, and brings this cause of action against Defendant Petsmart, LLC. ("Petsmart" or "Defendant").

## PARTIES, JURISDICTION AND VENUE

1. Defendant is a foreign corporation doing business in the state of Missouri with its principal business office address at 3411 Silverside Road, Tatnall Building Unit 104, Wilmington, Delaware 19810.

2. Plaintiff is a resident of St. Louis County, Missouri.

3. Plaintiff worked at Defendant's St. Louis location at 131 Highlands Blvd., Manchester, Missouri 63011.

4. Plaintiff was employed by Defendant from on or about December 8, 2019 to on or about September 11, 2025.

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

5. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to Article 5, Section 14 of the Missouri Constitution and RSMo. § 478.070.

6. The unlawful employment practices complained of herein were committed within St. Louis County, Missouri. Jurisdiction and venue in this Court are, therefore, proper pursuant to RSMo. § 231.111.

7. Defendant has more than six (6) employees and is therefore an employer within the meaning of the Missouri Human Rights Act, RSMo.§ 213.010(7).

8. Defendant has more than fifteen (15) employees and is therefore an employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(b), the Americans with Disabilities Act, and the Pregnant Workers Fairness Act.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. On or about December 19, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") alleging unlawful discrimination.

10. Plaintiff's Charge of Discrimination provided the EEOC and the MCHR sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial petition may be and is as broad as the scope of the investigation that could reasonably be expected to have grown out of the Charge.

11. Plaintiff received a Notice of Dismissal and Right to Sue from the MCHR on or about August 18, 2026, and this action was initiated within 90 days thereof. A true and accurate copy of the Right to Sue letter issued to Plaintiff by the MCHR is attached hereto as Exhibit 1.

12. Plaintiff received a Notice of Dismissal and Right to Sue from the EEOC on or about August 14, 2026, and this action was initiated within 90 days thereof. A true and accurate

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

copy of the Right to Sue letter issued to Plaintiff by the EEOC is attached hereto as Exhibit 2.

13. Plaintiff timely complied with all administrative prerequisites prior to filing this lawsuit.

## FACTUAL ALLEGATIONS

14. Leonard was hired by Defendant as a Shift Supervisor on or about December 8, 2019.

15. Leonard initially earned $13.50 per hour working full time.

16. Leonard was promoted to Assistant Manager of the Hotel in or about November 2022.

17. Leonard was the Manager for the Hotel at the time of her termination.

18. Leonard earned $30.77 per hour at the time of her termination.

19. Leonard's direct supervisors were Aaron Flynn (Store Manager) and Shannon Pritchard (Experience Leader overseeing the Hotel, Salon, and Training Departments).

20. Leonard became pregnant in or around January 2025.

21. Leonard began developing complications with her pregnancy. She was diagnosed with a subchronic hematoma (*i.e.,* bleeding between the uterine wall and the outer fetal membrane) in or about May 2025. She was later diagnosed with placenta previa. She was also diagnosed with having a chronic urinary tract infection that would not resolve with antibiotics.

22. Both the subchronic hematoma and the placenta previa caused Leonard to be at risk for placental abruption.

23. While Leonard was pregnant, her unborn child was diagnosed with having an echogenic bowel.

24. As such, on or about May 22, 2025 Leonard requested accommodations for both

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

her pregnancy and her medical conditions.

25. Leonard's doctor ordered the following requested accommodations:

a. No lifting more than 20 pounds;

b. Limit squatting and bending.

26. On or about June 18, 2025, Defendant stated that it had approved the requested accommodations.

27. Even though Defendant said it had approved Leonard's accommodations, Defendant failed to adhere to the accommodations, and no plan was in place to ensure Leonard was being accommodated with fidelity.

28. Shortly after Leonard's accommodations were ostensibly approved, her job duties changed. Defendant took away Leonard's job duty of scheduling employees and gave that job duty to Ms. Pritchard.

29. Ms. Pritchard then quickly changed Leonard's schedule to have her work the morning and night shifts at the front of the hotel.

30. The morning and night shifts at the front of the hotel are typically only worked by one employee and occur during the times in which customers typically bring their pets to the hotel to board them or pick them up.

31. As such, because Leonard was typically the only employee at the front of the hotel when working those shifts, she was forced to frequently lift animals that weighed more than 20 pounds, conflicting with her ostensible accommodations.

32. Ms. Pritchard also assigned Leonard to work the daycare area frequently by herself.

33. By working the daycare area, animals often jumped on Leonard's stomach since

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

she was often the only employee in the area. Leonard was forced to break up animal fights on her own, which required frequent bending, squatting, lifting, conflicting with her ostensible accommodations.

34. Following Defendant's purported approval of Leonard's requested accommodations, the restroom at Defendant's facility repeatedly became non-functional, resulting in sewage overflowing from the toilet.

35. Rather than call a plumber, Mr. Flynn ordered Leonard to work on the toilet on multiple occasions. This work required Leonard to bend and squat, conflicting with her ostensible accommodations.

36. Because Leonard was not receiving the approved accommodations, she requested an additional accommodation on or about September 7, 2025 to work the midday shift.

37. In her September 7, 2025 email to HR requesting to work the midday shift, Leonard informed HR that she was previously told that she was a "fucking idiot," that she was "stupid," and that her being pregnant is "not an excuse to suck" at her job.

38. The midday shift would allow Leonard to have coworkers by her side in which they could lift animals more than 20 pounds and bend and squat for her when necessary.

39. The additional requested accommodation was Leonard's attempt to ensure that Defendant would abide by the original approved accommodations.

40. The very next day, on or about September 8, 2025, Defendant suspended Leonard without pay for allegedly engaging in favoritism toward the father of her child, another employee of Defendant.

41. Leonard did not engage in favoritism. In fact, one of the only times that Leonard issued discipline was to that same employee, the father of her child.

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

42. About a week prior to her suspension, the father of Leonard's child put in his notice of resignation with Defendant.

43. On or about September 11, 2025, Respondent terminated Leonard's employment.

44. In her termination phone call with Mr. Flynn, Leonard asked if she would be paid the bonus she earned and her earned vacation, like other employees whose employment with Defendant ended.

45. Mr. Flynn informed Leonard that she would be paid her bonus and vacation.

46. At time of filing, Defendant has not paid Leonard any of her bonus and only a portion of her earned vacation.

47. Defendant has paid other similarly situated employees their full vacation and bonus amounts when their employment with Defendant has ended.

**COUNT I: FAILURE TO ACCOMMODATE KNOWN LIMITATIONS IN VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT**

48. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

49. Defendant is a qualified employee under the Pregnant Workers Fairness Act.

50. Plaintiff was a qualified employee under the Pregnant Workers Fairness Act because she could perform the essential functions of her job.

51. To the extent that Plaintiff could not perform an essential function of the job, she was qualified under the Pregnant Workers Fairness Act because the inability to perform that function was for a temporary period, the essential function could be performed in the near future, and the inability to perform the essential function could be reasonably accommodated.

52. Plaintiff requested accommodations for her known limitations of pregnancy or related conditions, which Defendant denied.

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

53. Plaintiff informed Defendant's supervisory and human resources personnel about known limitations related to, affected by, or arising out of her pregnancy, including the need for pregnancy-related medical appointments, and limitations related to, affected by, or arising out of pregnancy-related medical conditions.

54. Defendant failed to provide Plaintiff with reasonable accommodations for her known limitations related to pregnancy, childbirth, or related medical conditions, as required under the Pregnant Workers Fairness Act.

55. Defendant failed to engage in an interactive process with Plaintiff to identify appropriate and reasonable accommodations that would allow her to perform the essential functions of her job.

56. Defendant subjected Plaintiff to discriminatory and unlawful treatment, including but not limited to denying reasonable accommodations, altering her work conditions and denying Plaintiff a job and employment opportunities.

57. Management-level employees knew or should have known of Plaintiff's need for accommodations due to her pregnancy or related medical conditions but failed to take appropriate action to comply with the Pregnant Workers Fairness Act

58. Defendant took adverse job actions against Plaintiff in violation of the Pregnant Workers Fairness Act, including ignoring her approved accommodations and, later, terminating her.

59. Defendant's actions and omissions resulted in an undue burden on Plaintiff, interfering with her ability to maintain employment and exacerbating her medical conditions related to pregnancy.

60. Defendant's actions were taken by its agents acting in the course and scope of

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

their employment.

61. By failing to take prompt and effective remedial action, Defendant condoned, ratified and/or authorized unlawful treatment of Plaintiff.

62. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

63. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

64. Plaintiff has incurred, and continues or may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

65. Plaintiff seeks pre- and post-judgment interest at the highest lawful rate.

66. Plaintiff seeks equitable relief to make her whole.

67. Defendant's actions were intentional and/or outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT II: RETALIATION IN VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT**

68. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

69. Plaintiff engaged in protected activity by seeking reasonable accommodations for her known limitations related to pregnancy, childbirth, or related medical conditions.

70. Defendant retaliated against Plaintiff for asserting her rights under the Pregnant Workers Fairness Act.

71. Defendant took adverse job actions against Plaintiff in violation of the Pregnant Workers Fairness Act.

72. Defendant's actions and omissions resulted in an undue burden on Plaintiff, interfering with her ability to maintain employment and exacerbating her medical conditions related to pregnancy.

73. Defendant's actions were taken by its agents acting in the course and scope of their employment.

74. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized retaliation of Plaintiff.

75. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

76. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

77. Plaintiff has incurred, and continues or may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

78. Plaintiff seeks pre- and post-judgment interest at the highest lawful rate.

79. Plaintiff seeks equitable relief to make her whole.

80. Defendant's actions were intentional and/or outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT III: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA**

81. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

82. Defendant is an employer under the ADA.

83. Plaintiff had a physical impairment which substantially limits one or more of her major life activities, including standing, walking, bending, and lifting.

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

84. At all relevant times, Defendant was aware that Plaintiff had impairments and had a record of impairments.

85. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

86. Plaintiff is a qualified individual as defined by the ADA.

87. Plaintiff has a disability as defined by the ADA.

88. Plaintiff has a record of a disability.

89. Defendant regarded Plaintiff as disabled.

90. Defendant discriminated against Plaintiff in violation of the ADA.

91. Defendant unlawfully and intentionally discriminated against Plaintiff based upon her disability and/or because of her record of disability and/or because it regarded Plaintiff as disabled.

92. Defendant interfered with, recklessly disregarded, and denied Plaintiff her legal rights when it disciplined and terminated Plaintiff from her employment.

93. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

94. Defendant's actions were taken by its agents acting in the course and scope of their employment.

95. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

96. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

97. As a direct and proximate result of the unlawful conduct of Defendant as set forth

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

98. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

99. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

100. Plaintiff seeks equitable relief to make her whole.

101. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT IV: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA**

102. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

103. Plaintiff was disabled, as defined by the ADA, at all relevant times herein.

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

104. At all relevant times, Defendant was aware that Plaintiff had impairments and had a record of having such impairments.

105. Plaintiff could perform the essential functions of her job duties for Defendant with or without reasonable accommodation.

106. Plaintiff is a qualified individual as defined by the ADA.

107. Defendant unlawfully and intentionally discriminated against Plaintiff based upon her disability.

108. Plaintiff put Defendant on notice of her disability, and her need for an accommodation.

109. Plaintiff attempted to engage with Defendant regarding her need for a reasonable accommodation, but Defendant did not provide said accommodation.

110. Defendant failed to accommodate Plaintiff's disability in violation of the ADA.

111. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

112. Defendant's actions were taken by its agents acting in the course and scope of their employment.

113. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

114. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

115. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

116. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

117. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

118. Plaintiff seeks equitable relief to make her whole.

119. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT V: RETALIATION IN VIOLATION OF THE ADA**

120. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

121. Plaintiff engaged in protected activity under the ADA when she sought reasonable accommodations.

122. Defendant took adverse employment actions against Plaintiff in violation of the

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

ADA, including discipline and termination.

123. Plaintiff seeking reasonable accommodation was a motivating factor for Defendant's adverse employment actions against her.

124. Defendant's actions and/or omissions constitute a pattern or practice of retaliatory behavior.

125. Defendant's actions were taken by its agents in the course and scope of their employment.

126. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the retaliation against Plaintiff.

127. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

128. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

129. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

130. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

131. Plaintiff seeks equitable relief to make her whole.

132. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT VI: DISCRIMINATION BASED ON SEX/PREGNANCY IN VIOLATION OF TITLE VII**

133. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

134. Defendant is an "employer" under Title VII.

135. Plaintiff is a female.

136. At all relevant times, Plaintiff was pregnant and/or had recently been pregnant.

137. Defendant discriminated against Plaintiff in violation of Title VII because of her sex, pregnancy, childbirth, and/or related medical conditions.

138. Defendant treated Plaintiff differently, and more negatively, because of her sex, pregnancy, childbirth, and/or related medical conditions, in the terms, conditions, and privileges of her employment.

139. Defendant took adverse employment actions against Plaintiff in violation of Title VII.

140. Plaintiff was subjected to disparate treatment because of her sex, pregnancy, childbirth, and/or related medical conditions.

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

141. Plaintiff's sex, pregnancy, childbirth, and/or related medical conditions were a motivating factor for Defendant's discrimination.

142. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

143. Defendant's actions were taken by its agents acting in the course and scope of their employment.

144. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

145. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

146. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

147. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

148. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

149. Plaintiff seeks equitable relief to make her whole.

150. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT VII: DISABILITY DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

151. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

152. Defendant is an employer under the Missouri Human Rights Act.

153. Plaintiff had a physical impairment which substantially limits one or more of her major life activities, including standing, walking, bending, and lifting.

154. At all relevant times, Defendant was aware that Plaintiff had impairments and had a record of impairments.

155. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

156. Plaintiff is a qualified individual as defined by the Missouri Human Rights Act.

157. Plaintiff has a disability as defined by the Missouri Human Rights Act.

158. Plaintiff has a record of a disability.

159. Defendant regarded Plaintiff as disabled.

160. Defendant discriminated against Plaintiff in violation of the Missouri Human Rights Act.

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

161. Defendant unlawfully and intentionally discriminated against Plaintiff based upon her disability and/or because of her record of disability and/or because it regarded Plaintiff as disabled.

162. Defendant interfered with, recklessly disregarded, and denied Plaintiff her legal rights when it disciplined and terminated Plaintiff from her employment.

163. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

164. Defendant's actions were taken by its agents acting in the course and scope of their employment.

165. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

166. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

167. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

168. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

169. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

170. Plaintiff seeks equitable relief to make her whole.

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

171. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT VIII: FAILURE TO ACCOMMODATE IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

172. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

173. Plaintiff was disabled, as defined by the Missouri Human Rights Act, at all relevant times herein.

174. At all relevant times, Defendant was aware that Plaintiff had impairments and had a record of having such impairments.

175. Plaintiff could perform the essential functions of her job duties for Defendant with or without reasonable accommodation.

176. Plaintiff is a qualified individual as defined by the Missouri Human Rights Act.

177. Defendant unlawfully and intentionally discriminated against Plaintiff based upon her disability.

178. Plaintiff put Defendant on notice of her disability, and her need for an accommodation.

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

179. Plaintiff attempted to engage with Defendant regarding her need for a reasonable accommodation, but Defendant did not provide said accommodation.

180. Defendant failed to accommodate Plaintiff's disability in violation of the Missouri Human Rights Act.

181. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

182. Defendant's actions were taken by its agents acting in the course and scope of their employment.

183. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

184. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

185. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

186. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

187. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

188. Plaintiff seeks equitable relief to make her whole.

189. Defendant's actions were outrageous and malicious and were committed with evil

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT IX: RETALIATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT**

190. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

191. Plaintiff engaged in protected activity under the Missouri Human Rights Act when she sought reasonable accommodations.

192. Defendant took adverse employment actions against Plaintiff in violation of the Missouri Human Rights Act, including discipline and termination.

193. Plaintiff seeking reasonable accommodation was a motivating factor for Defendant's adverse employment actions against her.

194. Defendant's actions and/or omissions constitute a pattern or practice of retaliatory behavior.

195. Defendant's actions were taken by its agents in the course and scope of their employment.

196. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the retaliation against Plaintiff.

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

197. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

198. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

199. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

200. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

201. Plaintiff seeks equitable relief to make her whole.

202. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT X: DISCRIMINATION BASED ON SEX/PREGNANCY IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT**

203. Plaintiff hereby re-alleges and incorporates by reference the allegations contained

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

in the above-stated paragraphs as if fully set forth herein.

204. Defendant is an "employer" under the Missouri Human Rights Act.

205. Plaintiff is a female.

206. At all relevant times, Plaintiff was pregnant and/or had recently been pregnant.

207. Defendant discriminated against Plaintiff in violation of the Missouri Human Rights Act because of her sex, pregnancy, childbirth, and/or related medical conditions.

208. Defendant treated Plaintiff differently, and more negatively, because of her sex, pregnancy, childbirth, and/or related medical conditions, in the terms, conditions, and privileges of her employment.

209. Defendant took adverse employment actions against Plaintiff in violation of the Missouri Human Rights Act.

210. Plaintiff was subjected to disparate treatment because of her sex, pregnancy, childbirth, and/or related medical conditions.

211. Plaintiff's sex, pregnancy, childbirth, and/or related medical conditions were a motivating factor for Defendant's discrimination.

212. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

213. Defendant's actions were taken by its agents acting in the course and scope of their employment.

214. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

215. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

216. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

217. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

218. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

219. Plaintiff seeks equitable relief to make her whole.

220. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**Demand for Jury Trial**

Plaintiff requests for a trial by jury on all issues in this case which are so triable.

Respectfully submitted,

Electronically Filed - ST LOUIS COUNTY - September 03, 2026 - 02:40 PM

/s/*Thomas F. Herring*
Thomas F. Herring, #71932MO
Brady L. Root, #75740MO
Herring & Root, LLC
2258 Grissom Dr.
St. Louis, Missouri 63146
tfh@herringandroot.com

*Attorneys for Plaintiff*

Electronically Filed - ST LOUIS COUNTY - September 04, 2026 - 10:20 AM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **KARALYN LEONARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 26SL-CC05919** |
| | ) | |
| **PETSMART, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| **Serve:** | ) | |
| **Corporate Creations Network, Inc.** | ) | |
| **Registered Agent** | ) | |
| **12747 Olive Blvd.** | ) | |
| **Suite 300** | ) | |
| **St. Louis, Missouri 63141** | ) | |

**REQUEST FOR SUMMONS**

Counsel for Plaintiff requests Summons for Defendant Petsmart, LLC at the following address:

Corporate Creations Network, Inc.
Registered Agent
12747 Olive Blvd.
Suite 300
St. Louis, Missouri 63141

Respectfully submitted,

/s/*Thomas F. Herring*

Thomas F. Herring, #71932MO
Brady L. Root, #75740MO
Herring & Root, LLC
2258 Grissom Dr.
St. Louis, Missouri 63146
tfh@herringandroot.com

*Attorneys for Plaintiff*

Electronically Filed - ST LOUIS COUNTY - September 04, 2026 - 10:20 AM

FILED
OCT 06 2026
JOAN M. GILMER
CIRCUIT CLERK, ST LOUIS COUNTY

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **KARALYN LEONARD,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No.: 26SL-CC05919** |
| **PETSMART, LLC,** | ) | |
| **Defendant.** | ) | |
| **Serve:**<br>**Corporate Creations Network, Inc.**<br>**Registered Agent**<br>**12747 Olive Blvd.**<br>**Suite 300**<br>**St. Louis, Missouri 63141** | ) | |

So Ordered:
Brian H. May
10/6/26

**REQUEST FOR SUMMONS**

Counsel for Plaintiff requests Summons for Defendant Petsmart, LLC at the following address:

Corporate Creations Network, Inc.
Registered Agent
12747 Olive Blvd.
Suite 300
St. Louis, Missouri 63141

Respectfully submitted,

/s/Thomas F. Herring
Thomas F. Herring, #71932MO
Brady L. Root, #75740MO
Herring & Root, LLC
2258 Grissom Dr.
St. Louis, Missouri 63146
tfh@herringandroot.com

*Attorneys for Plaintiff*

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>BRIAN H. MAY | **Case Number: 26SL-CC05919** | |
| Plaintiff/Petitioner:<br>KARALYN LEONARD<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>THOMAS FRANKLIN HERRING<br>555 WASHINGTON AVE<br>SUITE 520<br>ST. LOUIS, MO 63101 | |
| Defendant/Respondent:<br>PETSMART, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp for Return) |

**The State of Missouri to:** **PETSMART, LLC**
**Alias:**
**CORP CREATIONS NETWORK, INC**
**12747 OLIVE BLVD STE #300**
**SAINT LOUIS, MO 63141**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

16-OCT-2026
Date

/s/W. Wooldridge
Clerk

**Further Information:**
WAW


Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________________ (title).

☐ other: ____________________________________________________________.

Served at ____________________________________________________________ (address)

in ______________________________ (County/City of St. Louis), MO, on ____________________ (date)

at ______________ (time).

______________________________ ______________________________
Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________________ (date).

*(Seal)*

My commission expires: ____________________ ______________________________
Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the “neutral,” who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator’s decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

CORPORATE CREATIONS®
Registered Agent • Director • Incorporation
**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

PetSmart LLC
Suzzane Grant
PetSmart
19601 North 27th Avenue
Phoenix AZ 85027
United States

November 02, 2026

# SERVICE OF PROCESS NOTICE

Item: 2026-1128G

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | PetSmart LLC |
| 2. | **Title of Action:** | Karalyn Leonard vs. PetSmart LLC |
| 3. | **Document(s) Served:** | Summons in Civil Case<br>Officer's or Server's Return<br>Petition |
| 4. | **Court/Agency:** | St. Louis County 21st Judicial Circuit Court |
| 5. | **State Served:** | Missouri |
| 6. | **Case Number:** | 26SL-CC05919 |
| 7. | **Case Type:** | Violation |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Thursday 10/29/2026 |
| 10. | **Date to Client:** | Monday 11/02/2026 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | See Notes<br>CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Herring & Root, LLC<br>St. Louis, Missouri |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 261 |
| 16. | **Notes:** | Please review the enclosed documents in order to calculate the response due date. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

SERVE

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>BRIAN H. MAY | **Case Number: 26SL-CC05919** | |
| Plaintiff/Petitioner:<br>KARALYN LEONARD<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>THOMAS FRANKLIN HERRING<br>555 WASHINGTON AVE<br>SUITE 520<br>ST. LOUIS, MO 63101 | |
| Defendant/Respondent:<br>PETSMART, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

**The State of Missouri to:** **PETSMART, LLC** 12 DEPOS S.W.

**Alias:**

**CORP CREATIONS NETWORK, INC**
**12747 OLIVE BLVD STE #300**
**SAINT LOUIS, MO 63141**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

| | |
|---|---|
| 16-OCT-2026 | /s/W. Wooldridge |
| Date | Clerk |

**Further Information:**
WAW

**Officer's or Server's Return**

**Note to serving officer:** Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________________ (title).

☐ other: ____________________________________________________________.

Served at ____________________________________________________________ (address)

in ______________________________ (County/City of St. Louis), MO, on ____________________ (date)

at ______________ (time).

______________________________ ______________________________
Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________________ (date).

*(Seal)*

My commission expires: ____________________ ______________________________
Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

(1) **Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 Or 800-735-2966, at least three business days in advance of the court proceeding.

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| KARALYN LEONARD,<br><br>Plaintiff,<br><br>vs.<br><br>PETSMART, LLC,<br><br>Defendant.<br><br>Serve:<br>CSC-Lawyers Incorporating<br>Service Company, Registered Agent<br>221 Bolivar St.<br>Jefferson County, Missouri 65101 | ) | Case No.:<br><br>JURY TRIAL DEMANDED |

## PETITION

COMES NOW, Plaintiff Karalyn Leonard ("Leonard" or "Plaintiff"), by and through her attorneys of record, and brings this cause of action against Defendant Petsmart, LLC. ("Petsmart" or "Defendant").

## PARTIES, JURISDICTION AND VENUE

1. Defendant is a foreign corporation doing business in the state of Missouri with its principal business office address at 3411 Silverside Road, Tatnall Building Unit 104, Wilmington, Delaware 19810.

2. Plaintiff is a resident of St. Louis County, Missouri.

3. Plaintiff worked at Defendant's St. Louis location at 131 Highlands Blvd., Manchester, Missouri 63011.

4. Plaintiff was employed by Defendant from on or about December 8, 2019 to on or about September 11, 2025.

5. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to Article 5, Section 14 of the Missouri Constitution and RSMo. § 478.070.

6. The unlawful employment practices complained of herein were committed within St. Louis County, Missouri. Jurisdiction and venue in this Court are, therefore, proper pursuant to RSMo. § 231.111.

7. Defendant has more than six (6) employees and is therefore an employer within the meaning of the Missouri Human Rights Act, RSMo.§ 213.010(7).

8. Defendant has more than fifteen (15) employees and is therefore an employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(b), the Americans with Disabilities Act, and the Pregnant Workers Fairness Act.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

9. On or about December 19, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") alleging unlawful discrimination.

10. Plaintiff's Charge of Discrimination provided the EEOC and the MCHR sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial petition may be and is as broad as the scope of the investigation that could reasonably be expected to have grown out of the Charge.

11. Plaintiff received a Notice of Dismissal and Right to Sue from the MCHR on or about August 18, 2026, and this action was initiated within 90 days thereof. A true and accurate copy of the Right to Sue letter issued to Plaintiff by the MCHR is attached hereto as Exhibit 1.

12. Plaintiff received a Notice of Dismissal and Right to Sue from the EEOC on or about August 14, 2026, and this action was initiated within 90 days thereof. A true and accurate copy of the Right to Sue letter issued to Plaintiff by the EEOC is attached hereto as Exhibit 2.

13. Plaintiff timely complied with all administrative prerequisites prior to filing this lawsuit.

## FACTUAL ALLEGATIONS

14. Leonard was hired by Defendant as a Shift Supervisor on or about December 8, 2019.

15. Leonard initially earned $13.50 per hour working full time.

16. Leonard was promoted to Assistant Manager of the Hotel in or about November 2022.

17. Leonard was the Manager for the Hotel at the time of her termination.

18. Leonard earned $30.77 per hour at the time of her termination.

19. Leonard's direct supervisors were Aaron Flynn (Store Manager) and Shannon Pritchard (Experience Leader overseeing the Hotel, Salon, and Training Departments).

20. Leonard became pregnant in or around January 2025.

21. Leonard began developing complications with her pregnancy. She was diagnosed with a subchronic hematoma (*i.e.*, **bleeding between the uterine wall and the outer fetal membrane)** in or about May 2025. She was later diagnosed with placenta previa. She was also diagnosed with having a chronic urinary tract infection that would not resolve with antibiotics.

22. Both the subchronic hematoma and the placenta previa caused Leonard to be at risk for placental abruption.

23. While Leonard was pregnant, her unborn child was diagnosed with having an

echogenic bowel.

24. As such, on or about May 22, 2025 Leonard requested accommodations for both her pregnancy and her medical conditions.

25. Leonard's doctor ordered the following requested accommodations:

a. No lifting more than 20 pounds;

b. Limit squatting and bending.

26. On or about June 18, 2025, Defendant stated that it had approved the requested accommodations.

27. Even though Defendant said it had approved Leonard's accommodations, Defendant failed to adhere to the accommodations, and no plan was in place to ensure Leonard was being accommodated with fidelity.

28. Shortly after Leonard's accommodations were ostensibly approved, her job duties changed. Defendant took away Leonard's job duty of scheduling employees and gave that job duty to Ms. Pritchard.

29. Ms. Pritchard then quickly changed Leonard's schedule to have her work the morning and night shifts at the front of the hotel.

30. The morning and night shifts at the front of the hotel are typically only worked by one employee and occur during the times in which customers typically bring their pets to the hotel to board them or pick them up.

31. As such, because Leonard was typically the only employee at the front of the hotel when working those shifts, she was forced to frequently lift animals that weighed more than 20 pounds, conflicting with her ostensible accommodations.

32. Ms. Pritchard also assigned Leonard to work the daycare area frequently by

herself.

33. By working the daycare area, animals often jumped on Leonard's stomach since she was often the only employee in the area. Leonard was forced to break up animal fights on her own, which required frequent bending, squatting, lifting, conflicting with her ostensible accommodations.

34. Following Defendant's purported approval of Leonard's requested accommodations, the restroom at Defendant's facility repeatedly became non-functional, resulting in sewage overflowing from the toilet.

35. Rather than call a plumber, Mr. Flynn ordered Leonard to work on the toilet on multiple occasions. This work required Leonard to bend and squat, conflicting with her ostensible accommodations.

36. Because Leonard was not receiving the approved accommodations, she requested an additional accommodation on or about September 7, 2025 to work the midday shift.

37. In her September 7, 2025 email to HR requesting to work the midday shift, Leonard informed HR that she was previously told that she was a "fucking idiot," that she was "stupid," and that her being pregnant is "not an excuse to suck" at her job.

38. The midday shift would allow Leonard to have coworkers by her side in which they could lift animals more than 20 pounds and bend and squat for her when necessary.

39. The additional requested accommodation was Leonard's attempt to ensure that Defendant would abide by the original approved accommodations.

40. The very next day, on or about September 8, 2025, Defendant suspended Leonard without pay for allegedly engaging in favoritism toward the father of her child, another employee of Defendant.

41. Leonard did not engage in favoritism. In fact, one of the only times that Leonard issued discipline was to that same employee, the father of her child.

42. About a week prior to her suspension, the father of Leonard's child put in his notice of resignation with Defendant.

43. On or about September 11, 2025, Respondent terminated Leonard's employment.

44. In her termination phone call with Mr. Flynn, Leonard asked if she would be paid the bonus she earned and her earned vacation, like other employees whose employment with Defendant ended.

45. Mr. Flynn informed Leonard that she would be paid her bonus and vacation.

46. At time of filing, Defendant has not paid Leonard any of her bonus and only a portion of her earned vacation.

47. Defendant has paid other similarly situated employees their full vacation and bonus amounts when their employment with Defendant has ended.

**COUNT I: FAILURE TO ACCOMMODATE KNOWN LIMITATIONS IN VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT**

48. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

49. Defendant is a qualified employee under the Pregnant Workers Fairness Act.

50. Plaintiff was a qualified employee under the Pregnant Workers Fairness Act because she could perform the essential functions of her job.

51. To the extent that Plaintiff could not perform an essential function of the job, she was qualified under the Pregnant Workers Fairness Act because the inability to perform that function was for a temporary period, the essential function could be performed in the near future, and the inability to perform the essential function could be reasonably accommodated.

52. Plaintiff requested accommodations for her known limitations of pregnancy or related conditions, which Defendant denied.

53. Plaintiff informed Defendant's supervisory and human resources personnel about known limitations related to, affected by, or arising out of her pregnancy, including the need for pregnancy-related medical appointments, and limitations related to, affected by, or arising out of pregnancy-related medical conditions.

54. Defendant failed to provide Plaintiff with reasonable accommodations for her known limitations related to pregnancy, childbirth, or related medical conditions, as required under the Pregnant Workers Fairness Act.

55. Defendant failed to engage in an interactive process with Plaintiff to identify appropriate and reasonable accommodations that would allow her to perform the essential functions of her job.

56. Defendant subjected Plaintiff to discriminatory and unlawful treatment, including but not limited to denying reasonable accommodations, altering her work conditions and denying Plaintiff a job and employment opportunities.

57. Management-level employees knew or should have known of Plaintiff's need for accommodations due to her pregnancy or related medical conditions but failed to take appropriate action to comply with the Pregnant Workers Fairness Act

58. Defendant took adverse job actions against Plaintiff in violation of the Pregnant Workers Fairness Act, including ignoring her approved accommodations and, later, terminating her.

59. Defendant's actions and omissions resulted in an undue burden on Plaintiff, interfering with her ability to maintain employment and exacerbating her medical conditions

related to pregnancy.

60. Defendant's actions were taken by its agents acting in the course and scope of their employment.

61. By failing to take prompt and effective remedial action, Defendant condoned, ratified and/or authorized unlawful treatment of Plaintiff.

62. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

63. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

64. Plaintiff has incurred, and continues or may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

65. Plaintiff seeks pre- and post-judgment interest at the highest lawful rate.

66. Plaintiff seeks equitable relief to make her whole.

67. Defendant's actions were intentional and/or outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional

distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT II: RETALIATION IN VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT**

68. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

69. Plaintiff engaged in protected activity by seeking reasonable accommodations for her known limitations related to pregnancy, childbirth, or related medical conditions.

70. Defendant retaliated against Plaintiff for asserting her rights under the Pregnant Workers Fairness Act.

71. Defendant took adverse job actions against Plaintiff in violation of the Pregnant Workers Fairness Act.

72. Defendant's actions and omissions resulted in an undue burden on Plaintiff, interfering with her ability to maintain employment and exacerbating her medical conditions related to pregnancy.

73. Defendant's actions were taken by its agents acting in the course and scope of their employment.

74. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized retaliation of Plaintiff.

75. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

76. As a direct and proximate result of the unlawful conduct of Defendant as set forth

herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

77. Plaintiff has incurred, and continues or may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

78. Plaintiff seeks pre- and post-judgment interest at the highest lawful rate.

79. Plaintiff seeks equitable relief to make her whole.

80. Defendant's actions were intentional and/or outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT III: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

81. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

82. Defendant is an employer under the ADA.

83. Plaintiff had a physical impairment which substantially limits one or more of her major life activities, including standing, walking, bending, and lifting.

84. At all relevant times, Defendant was aware that Plaintiff had impairments and had a record of impairments.

85. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

86. Plaintiff is a qualified individual as defined by the ADA.

87. Plaintiff has a disability as defined by the ADA.

88. Plaintiff has a record of a disability.

89. Defendant regarded Plaintiff as disabled.

90. Defendant discriminated against Plaintiff in violation of the ADA.

91. Defendant unlawfully and intentionally discriminated against Plaintiff based upon her disability and/or because of her record of disability and/or because it regarded Plaintiff as disabled.

92. Defendant interfered with, recklessly disregarded, and denied Plaintiff her legal rights when it disciplined and terminated Plaintiff from her employment.

93. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

94. Defendant's actions were taken by its agents acting in the course and scope of their employment.

95. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

96. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff

has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

97. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

98. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

99. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

100. Plaintiff seeks equitable relief to make her whole.

101. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT IV: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA**

102. Plaintiff hereby re-alleges and incorporates by reference the allegations contained

in the above-stated paragraphs as if fully set forth herein.

103. Plaintiff was disabled, as defined by the ADA, at all relevant times herein.

104. At all relevant times, Defendant was aware that Plaintiff had impairments and had a record of having such impairments.

105. Plaintiff could perform the essential functions of her job duties for Defendant with or without reasonable accommodation.

106. Plaintiff is a qualified individual as defined by the ADA.

107. Defendant unlawfully and intentionally discriminated against Plaintiff based upon her disability.

108. Plaintiff put Defendant on notice of her disability, and her need for an accommodation.

109. Plaintiff attempted to engage with Defendant regarding her need for a reasonable accommodation, but Defendant did not provide said accommodation.

110. Defendant failed to accommodate Plaintiff's disability in violation of the ADA.

111. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

112. Defendant's actions were taken by its agents acting in the course and scope of their employment.

113. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

114. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

115. As a direct and proximate result of the unlawful conduct of Defendant as set forth

herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

116. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

117. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

118. Plaintiff seeks equitable relief to make her whole.

119. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT V: RETALIATION IN VIOLATION OF THE ADA**

120. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

121. Plaintiff engaged in protected activity under the ADA when she sought reasonable

accommodations.

122. Defendant took adverse employment actions against Plaintiff in violation of the ADA, including discipline and termination.

123. Plaintiff seeking reasonable accommodation was a motivating factor for Defendant's adverse employment actions against her.

124. Defendant's actions and/or omissions constitute a pattern or practice of retaliatory behavior.

125. Defendant's actions were taken by its agents in the course and scope of their employment.

126. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the retaliation against Plaintiff.

127. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

128. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

129. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

130. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

131. Plaintiff seeks equitable relief to make her whole.

132. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT VI: DISCRIMINATION BASED ON SEX/PREGNANCY IN VIOLATION OF TITLE VII**

133. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

134. Defendant is an "employer" under Title VII.

135. Plaintiff is a female.

136. At all relevant times, Plaintiff was pregnant and/or had recently been pregnant.

137. Defendant discriminated against Plaintiff in violation of Title VII because of her sex, pregnancy, childbirth, and/or related medical conditions.

138. Defendant treated Plaintiff differently, and more negatively, because of her sex, pregnancy, childbirth, and/or related medical conditions, in the terms, conditions, and privileges of her employment.

139. Defendant took adverse employment actions against Plaintiff in violation of Title VII.

140. Plaintiff was subjected to disparate treatment because of her sex, pregnancy, childbirth, and/or related medical conditions.

141. Plaintiff's sex, pregnancy, childbirth, and/or related medical conditions were a motivating factor for Defendant's discrimination.

142. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

143. Defendant's actions were taken by its agents acting in the course and scope of their employment.

144. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

145. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

146. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

147. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

148. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

149. Plaintiff seeks equitable relief to make her whole.

150. Defendant's actions were outrageous and malicious and were committed with evil

motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT VII: DISABILITY DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

151. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

152. Defendant is an employer under the Missouri Human Rights Act.

153. Plaintiff had a physical impairment which substantially limits one or more of her major life activities, including standing, walking, bending, and lifting.

154. At all relevant times, Defendant was aware that Plaintiff had impairments and had a record of impairments.

155. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

156. Plaintiff is a qualified individual as defined by the Missouri Human Rights Act.

157. Plaintiff has a disability as defined by the Missouri Human Rights Act.

158. Plaintiff has a record of a disability.

159. Defendant regarded Plaintiff as disabled.

160. Defendant discriminated against Plaintiff in violation of the Missouri Human Rights Act.

161. Defendant unlawfully and intentionally discriminated against Plaintiff based upon her disability and/or because of her record of disability and/or because it regarded Plaintiff as disabled.

162. Defendant interfered with, recklessly disregarded, and denied Plaintiff her legal rights when it disciplined and terminated Plaintiff from her employment.

163. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

164. Defendant's actions were taken by its agents acting in the course and scope of their employment.

165. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

166. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

167. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

168. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

169. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

170. Plaintiff seeks equitable relief to make her whole.

171. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT VIII: FAILURE TO ACCOMMODATE IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

172. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

173. Plaintiff was disabled, as defined by the Missouri Human Rights Act, at all relevant times herein.

174. At all relevant times, Defendant was aware that Plaintiff had impairments and had a record of having such impairments.

175. Plaintiff could perform the essential functions of her job duties for Defendant with or without reasonable accommodation.

176. Plaintiff is a qualified individual as defined by the Missouri Human Rights Act.

177. Defendant unlawfully and intentionally discriminated against Plaintiff based upon her disability.

178. Plaintiff put Defendant on notice of her disability, and her need for an accommodation.

179. Plaintiff attempted to engage with Defendant regarding her need for a reasonable accommodation, but Defendant did not provide said accommodation.

180. Defendant failed to accommodate Plaintiff's disability in violation of the Missouri Human Rights Act.

181. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

182. Defendant's actions were taken by its agents acting in the course and scope of their employment.

183. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

184. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

185. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

186. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

187. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

188. Plaintiff seeks equitable relief to make her whole.

189. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT IX: RETALIATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

190. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

191. Plaintiff engaged in protected activity under the Missouri Human Rights Act when she sought reasonable accommodations.

192. Defendant took adverse employment actions against Plaintiff in violation of the Missouri Human Rights Act, including discipline and termination.

193. Plaintiff seeking reasonable accommodation was a motivating factor for Defendant's adverse employment actions against her.

194. Defendant's actions and/or omissions constitute a pattern or practice of retaliatory behavior.

195. Defendant's actions were taken by its agents in the course and scope of their employment.

196. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the retaliation against Plaintiff.

197. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

198. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

199. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

200. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

201. Plaintiff seeks equitable relief to make her whole.

202. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT X: DISCRIMINATION BASED ON SEX/PREGNANCY IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT**

203. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

204. Defendant is an "employer" under the Missouri Human Rights Act.

205. Plaintiff is a female.

206. At all relevant times, Plaintiff was pregnant and/or had recently been pregnant.

207. Defendant discriminated against Plaintiff in violation of the Missouri Human Rights Act because of her sex, pregnancy, childbirth, and/or related medical conditions.

208. Defendant treated Plaintiff differently, and more negatively, because of her sex, pregnancy, childbirth, and/or related medical conditions, in the terms, conditions, and privileges of her employment.

209. Defendant took adverse employment actions against Plaintiff in violation of the Missouri Human Rights Act.

210. Plaintiff was subjected to disparate treatment because of her sex, pregnancy, childbirth, and/or related medical conditions.

211. Plaintiff's sex, pregnancy, childbirth, and/or related medical conditions were a motivating factor for Defendant's discrimination.

212. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

213. Defendant's actions were taken by its agents acting in the course and scope of their employment.

214. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

215. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

216. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

217. Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

218. Plaintiff seeks pre and post judgment interest at the highest lawful rate.

219. Plaintiff seeks equitable relief to make her whole.

220. Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages, which she seeks.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**Demand for Jury Trial**

Plaintiff requests for a trial by jury on all issues in this case which are so triable.

Respectfully submitted,

*/s/Thomas F. Herring*

Thomas F. Herring, #71932MO
Brady L. Root, #75740MO
Herring & Root, LLC
2258 Grissom Dr.
St. Louis, Missouri 63146
tfh@herringandroot.com

*Attorneys for Plaintiff*

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

St. Louis District Office
1222 Spruce St, Rm 8 100
St Louis, MO 63103
(314) 798-1960
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/14/2026

To: Ms. Karalyn Leonard
9433 Romaine Ave
Overland, MO 63114
Charge No: 560-2026-00905

EEOC Representative and email: ELVERITA JOHNSON
EQUAL OPPORTUNITY INVESTIGATOR
ELVERITA.JOHNSON@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of EEOC's official notice of dismissal. You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 560-2026-00905.

On behalf of the Commission,

Digitally Signed By: DAVID DAVIS
08/14/2026

DAVID DAVIS
DISTRICT DIRECTOR

Cc:
Christie Hammerle
19601 N. 27th Ave.
Phoenix, AZ 85027

Holly Stewart
19601 N. 27th Ave.
Phoenix, AZ 85027

Brady Root
Herring & Root LLC
2258 Grissom Dr.
Saint Louis, MO 63146

Thomas F Herring Esq.
Herring & Root, LLC
691 Trade Center Blvd.
Wildwood, MO 63005

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court within 90 days of the date you *receive* EEOC's official notice of dismissal. You should keep a record of the date you received EEOC's official notice of dismissal. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

<u>To make a FOIA request for your charge file,</u> submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 560-2026-00905 to the District Director at DAVID DAVIS, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

To make a Section 83 request for your charge file, submit a signed written request stating it is a "Section 83 Request" for Charge Number 560-2026-00905 to the District Director at DAVID DAVIS, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

## Notice Of Rights Under The ADA Amendments Act Of 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant for the impairment to be considered substantially limiting.**
- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), "**major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ✓ **Only one major life activity need be substantially limited.**
- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of "mitigating measures" (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

are not considered in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is "episodic" (e.g., epilepsy, depression, multiple sclerosis) or "in remission" (e.g., cancer) is a disability if it would be substantially limiting when active.
- ✓ An impairment may be substantially limiting even though it lasts or is expected to last fewer than six months.

"Regarded as" coverage

An individual can meet the definition of disability if an employment action was taken because of an actual or perceived impairment (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively both transitory (lasting or expected to last six months or less) and minor.
- ✓ A person is not able to bring a failure to accommodate claim if the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

26SL-CC05919

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

# MISSOURI COMMISSION ON HUMAN RIGHTS

| | | | |
|---|---|---|---|
| MIKE KEHOE<br>GOVERNOR | ANNA S. HUI<br>DEPARTMENT DIRECTOR | CHRISTOPHER SLINKARD<br>COMMISSION CHAIR | SHANNON THOMPSON<br>ACTING EXECUTIVE DIRECTOR |

August 18, 2026

Karalyn Leonard
9433 Romaine Avenue
Overland, MO 63114
Via Complainant Attorney Email:
blr@herringandroot.com; Tfh@herringandroot.com

**NOTICE OF RIGHT TO SUE**

RE: Leonard vs. Petsmart, LLC, FE-12/25-39930; 560-2026-00905

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue from MCHR and/or the Equal Employment Opportunity Commission (EEOC) with whom this matter was dual filed.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri. Any such petition must be filed in the Circuit Court of Cole County.

(CONTINUED ON NEXT PAGE)

RE: Leonard vs. Petsmart, LLC, FE-12/25-39930; 560-2026-00905

Respectfully,

*Shannon Thompson*

Shannon Thompson
Acting Executive Director

CC:
Petsmart, LLC
131 Highlands Blvd.
Manchester, MO 63011
*Via Respondent Attorney/Contact Email*

Christie Hammerle
Pet Smart
19601 N. 27th Avenue
Phoenix, AZ 85026
Chammerle@petsmart.com

Thomas F. Herring
Brady L. Root
Herring & Root, LLC
691 Trade Center Blvd., PMB #AS
Chesterfield, MO 63005
Tfh@herringandroot.com
blr@herringandroot.com

Electronically Filed - ST LOUIS COUNTY - November 04, 2026 - 12:25 PM

502

# Summons in Civil Case

**RETURN**

SB

11-15

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

Tracking # 2600200812

| | |
|---|---|
| Judge or Division:<br>BRIAN H. MAY | **Case Number: 26SL-CC05919** |
| Plaintiff/Petitioner:<br>KARALYN LEONARD<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>THOMAS FRANKLIN HERRING<br>555 WASHINGTON AVE<br>SUITE 520<br>ST. LOUIS, MO 63101 |
| Defendant/Respondent:<br>PETSMART, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp for Return)

**The State of Missouri to:** ~~PETSMART, LLC~~ 12 DEPOS S.W.

**Alias:**

**CORP CREATIONS NETWORK, INC**
**12747 OLIVE BLVD STE #300**
**SAINT LOUIS, MO 63141**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

| 16-OCT-2026 | /s/W. Wooldridge |
|---|---|
| Date | Clerk |

**Further Information:**
WAW

RECEIVED
2026 OCT 27 AM 10:21
ST. LOUIS COUNTY
SHERIFF'S OFFICE

NSB 10-28

**Case Number: 26SL-CC05919**

Electronically Filed - ST LOUIS COUNTY - November 04, 2026 - 12:25 PM

## Officer's or Server's Return

**Note to serving officer:** Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________, a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and petition to:

Mellissa (name) Receptionist (title).

☐ other: ______________________.

Served at 12747 Olive #300 (address)

in St Louis (County/City of St. Louis), MO, on 10/29/26 (date)

at 0845 (time).

Scott DePolito
Printed Name of Officer or Server

[signature]
Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________________ ______________________
Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.